**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2012

Lyle W. Cayce
Clerk

No. 11-11200
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN KOLEHMAINEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-102-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Brian Kolehmainen appeals the 96-month within-guidelines sentence imposed in connection with his guilty-plea conviction for illegally possessing a machinegun. Kolehmainen argues that the district court erred by denying a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Kolehmainen contends that the district court denied a reduction for acceptance of responsibility because he could not recall the conversations with the undercover officer wherein he talked about obtaining more machineguns to be sold for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

transportation to Mexico. He further argues that these conversations were not relevant conduct because they occurred after the offense of conviction. Therefore, he asserts that the court erred in denying the reduction based on the finding that he falsely denied relevant conduct.

A defendant may receive a reduction in offense level pursuant to U.S.S.G. § 3E1.1 if he "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). The defendant bears the burden of demonstrating that the reduction is warranted. *United States v. Watson,* 988 F.2d 544, 551 (5th Cir. 1993). "While the district court's findings under the sentencing guidelines are generally reviewed for clear error, a determination whether a defendant is entitled to an adjustment for acceptance of responsibility is reviewed with even greater deference." *United States v. Buchanan,* 485 F.3d 274, 287 (5th Cir. 2007). "We will affirm a sentencing court's decision not to award a reduction" pursuant to § 3E1.1 unless the decision is "without foundation." *United States v. Juarez-Duarte,* 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks and citation omitted).

In the factual resume, Kolehmainen admitted that, at the time of the offense, he instructed the undercover officer to contact Kolehmainen's accomplice if he wished to acquire more guns. During his interview with the probation officer, Kolehmainen denied that he intended to conduct future transactions with the officer. In light of his statements to the probation officer denying this conduct and given the deference owed to a district court's findings on acceptance of responsibility, Kolehmainen has not shown that the district court's denial of a reduction for acceptance of responsibility is without foundation. See *Juarez-Duarte*, 513 F.3d at 211.

Accordingly, the judgment of the district court is AFFIRMED.